UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Larry John Laver, | Case No. 20-cv-1320 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| James Ray Peal, | |
| Defendant. | |

---

This matter is before the Court on Defendant James Ray Peal's motion to dismiss Plaintiff Larry John Laver's complaint for lack of personal jurisdiction. (Dkt. 7.) For the reasons set forth below, Peal's motion is granted.

## BACKGROUND

This case arises out of two emails that Peal allegedly sent to Laver. These emails contain allegedly defamatory comments, including an implication that Laver lacks mental fitness. Laver, representing himself *pro se* in this matter, is an attorney in the State of Minnesota. Peal is an Illinois resident.

On June 8, 2020, Laver commenced this action by filing a complaint alleging one count of defamation against Peal. Peal subsequently filed the pending motion to dismiss for lack of personal jurisdiction.

## ANALYSIS

Peal argues that this case should be dismissed because the Court lacks personal jurisdiction over him. Laver opposes the motion.

Personal jurisdiction is a "threshold issue for the court." *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995) (internal quotation marks omitted). It is the plaintiff's burden to "make a prima facie showing that personal jurisdiction exists." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591 (8th Cir. 2011). To do so, a plaintiff must plead facts sufficient "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Id.* at 592 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). When analyzing whether a plaintiff has satisfied this requisite showing, the district court views the evidence in the light most favorable to the plaintiff and resolves all factual disputes in the plaintiff's favor. *Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). In the absence of personal jurisdiction over Peal, the merits of Laver's arguments cannot be addressed.

Federal courts apply state law to determine the bounds of their personal jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Personal jurisdiction exists when authorized under Minnesota's long-arm statute and when the exercise of personal jurisdiction complies with the requirements of due process. *Westley v. Mann*, 896 F. Supp. 2d 775, 788 (D. Minn. 2012). As Minnesota's long-arm statute "extends jurisdiction to the maximum limit consistent with due process," a district court need only evaluate whether the requirements of due process are satisfied. *Id.* at 789 (internal quotation marks omitted).

Due process requires that a defendant have sufficient "minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

(internal quotation marks omitted); *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 807 (1985) ("The purpose of this [minimum contacts] test, of course, is to protect a defendant from the travail of defending in a distant forum, unless the defendant's contacts with the forum make it just to force him to defend there.")  "Sufficient minimum contacts requires some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014) (internal quotation marks omitted).  To be sufficient, the defendant's contact with the forum state must be "such that [the defendant] should reasonably anticipate being haled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Two types of personal jurisdiction exist: general and specific.  General personal jurisdiction requires that a defendant's contacts with the forum state be "so continuous and systematic as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted).  Specific personal jurisdiction exists when the cause of action arises out of or is related to a defendant's activities within the forum state and the defendant purposefully avails itself of the privilege of conducting activities within the forum state.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 474–75 (1985).

Here, Laver appears to argue that Peal is subject to both general and specific personal jurisdiction in Minnesota.  Each argument is addressed in turn.

### I.     General Personal Jurisdiction

Laver's complaint alleges that this Court has personal jurisdiction over Peal because

3

Peal "is a citizen of a different state" and the amount in controversy exceeds $75,000. But Laver's allegations as to Peal's citizenship and the amount in controversy pertain to subject-matter jurisdiction, not personal jurisdiction. *See* 28 U.S.C. § 1332 (establishing diversity-of-citizenship and amount-in-controversy requirements for federal subject-matter jurisdiction). Laver's subject-matter jurisdiction allegations do not establish personal jurisdiction.

Laver also argues that "Mr. Peal has had numerous contacts with Minnesota." But "[m]ere conclusory statements devoid of a factual foundation do not suffice" to establish personal jurisdiction. *Dever*, 380 F.3d at 1073 (internal quotation marks omitted). Standing alone, Laver's conclusory statement about Peal's contacts with Minneosta fails to establish personal jurisdiction. But Laver additionally maintains that Peal fished and drove in Minnesota, visited the Minneapolis and Saint Paul area "a number of times," used Minnesota airports, and sent a letter regarding Laver to the "Professional Board of [R]esponsibility located in Minnesota."

For this Court to have personal jurisdiction over Peal, Peal must have such continuous and systematic contacts with Minnesota that he essentially would be at home in Minnesota. *Daimler*, 571 U.S. at 127. Here, the alleged random, sporadic contacts with Minnesota that Laver attributes to Peal fail to establish that Peal has a substantial connection with Minnesota that would render Peal "essentially at home." *Id.* Therefore, Laver has not demonstrated that this Court has general personal jurisdiction over Peal.

## II.  Specific Personal Jurisdiction

Laver does not expressly argue that the Court has specific personal jurisdiction over

4

Peal. But for the benefit of a thorough analysis, the Court considers whether Laver has established a basis for specific personal jurisdiction over Peal. Specific personal jurisdiction exists when the cause of action arises out of, or is related to, the defendant's activities within the forum state and the defendant purposefully avails itself of the privilege of conducting activities within the forum state. *Burger King*, 471 U.S. at 472, 474–75. As such, a defendant's contacts with the forum state must result from more than random, fortuitous, or attenuated happenings. *Id.* at 475.

When construed liberally,[1] the facts in the complaint imply that, because Laver is a Minnesota resident, he was physically located in Minnesota when he received the two allegedly defamatory emails from Peal. In addition, Laver's response to Peal's motion to dismiss argues that Peal allegedly sent a letter to the "Professional Board of [R]esponsibility located in Minnesota." As an initial matter, the Court observes that Laver's legal memoranda include purported facts that are not included in the complaint. Such facts need not be considered when assessing whether personal jurisdiction exists. *See Dever*, 380 F.3d at 1072 ("To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must state sufficient facts *in the complaint* to support a reasonable inference that" personal jurisdiction exists (emphasis added) (internal quotation marks omitted)). But even when all purported facts in Laver's filings are considered, Peal's alleged incidental contacts with Minnesota fail to create a "deliberate[]" and "substantial connection" with Minnesota such that Peal could "reasonably anticipate being haled into court" here. *Burger King*, 471

---

[1] Although Laver is an attorney, he is proceeding *pro se*. Accordingly, his pleadings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

U.S. at 474–75 (internal quotation marks omitted).  Moreover, the United States Court of Appeals for the Eighth Circuit has rejected scattered communications, such as these, as a basis for specific personal jurisdiction.  *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 594 (8th Cir. 2011).  Therefore, Laver has not demonstrated that this Court has specific personal jurisdiction over Peal.

Accordingly, because Laver fails to establish that the Court has either general or specific personal jurisdiction over Peal, Peal's motion to dismiss this case for lack of personal jurisdiction is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant James Ray Peal's motion to dismiss, (Dkt. 7), is **GRANTED**.

2. Plaintiff Larry John Laver's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 2, 2021                                                  s/Wilhelmina M. Wright
                                                                                          Wilhelmina M. Wright
                                                                                          United States District Judge